[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10991
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00128-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYREIK LARRY WATSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 17, 2014)

Before HULL, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Tyreik Larry Watson appeals his 151-month sentence, imposed after pleading guilty to 1 count of distribution of a controlled substance (cocaine), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  Watson argues that his career-offender enhanced sentence is substantively unreasonable because, although Watson concedes that his designation as a career offender was technically correct, its application resulted in an excessive sentence: he says he is merely a long-term drug addict with no history of violence who sold small amounts of drugs mainly to support his habit.  He contends that the career-offender guideline enhancement does not distinguish between defendants convicted of the same offense based on the seriousness of their offense conduct or their prior convictions, creating unwarranted sentencing disparities through unwarranted uniformity.

Our authority to review sentences is a limited authority.  We review the substantive reasonableness of a sentence for abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 596, 597, 169 L.Ed.2d 445 (2007) (stating that "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard.").  A court abuses its discretion when it (1) fails to consider all factors that were due significant weight, (2) gives an improper or irrelevant factor

2

significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). The factors that the court weighs are set out in § 3553(a), and "a district court commits a clear error in judgment when it weighs those factors unreasonably, arriving at a sentence that does not achieve the purposes of sentencing as stated in [that statute]." *Id.* (quotations omitted). These purposes include the need to reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2)(A)-(C). The court must also consider the nature and circumstances of the offense committed and the defendant's history and characteristics, the kinds of sentences available, the guideline range applicable to the defendant, U.S. Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities between defendants with similar records who have been found guilty of similar conduct, and any need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

"The district court must evaluate all of the § 3553(a) factors when arriving at a sentence, but is permitted to attach 'great weight' to one factor over others." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (citation omitted). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court and we will not substitute our judgment in

3

weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quotation omitted). The district court need not "state on the record that it has explicitly considered each of the § 3553(a) factors or . . . discuss each of the § 3553(a) factors." *Id.* Instead, all that is required of the court is an acknowledgement that it considered the § 3553(a) factors. *Id.*

The party who challenges the sentence bears the burden to show that the sentence is unreasonable in the light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Although we do not presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty (as is the case here) is another indicator of a reasonable sentence. *See United States v. Early*, 686 F.3d 1219, 1222 (11th Cir. 2012) (a sentence was reasonable in part because it was well below the statutory maximum).

Based on the facts of this case, the district court did not abuse its discretion in concluding that a sentence at the low end of Watson's guideline range, which was enhanced based on his status as a career offender, was appropriate in the light of Watson's history of recidivism. Watson's adverse criticism of the general functioning of the career-offender guideline is unpersuasive, particularly when the

4

sentencing court properly found that the facts of this case justified the enhancement.

Upon review of the entire record on appeal, and after consideration of the parties' briefs, we affirm the sentence.

**AFFIRMED.**